Colin Gerstner
Paul Adam
GERSTNER ADAM LAW PLLC
2828 1st Ave. S.
Billings, Montana 59101
Telephone: (406) 969-3100
colin@gerstneradamlaw.com
paul@gerstneradamlaw.com

FILED

APRIL 12, 2022

Clerk, U.S. District Court
District of Montana
Billings Division

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| DAVID GLADSTONE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BILLINGS; JEREMIAH ADAMS; and JOHN DOES 1-10, <br><br> Defendants. | Cause No.   **CV-22-33-BLG-SPW-TJC** <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff David Gladstone brings this action pursuant to 42 U.S.C. § 1983

and Montana state law for violations of his constitutional and common law rights.

For his Complaint against the Defendants, Gladstone alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §

    1331, as some of the claims arise under the Constitution and laws of the

United States. The Court also has jurisdiction under 28 U.S.C. § 1343, as

Gladstone seeks redress for the deprivation (under color of state law, statute,

ordinance, regulation, custom, or usage) of his rights, privileges, and

immunities secured by the Constitution of the United States and/or Acts of

Congress.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

Gladstone's state law claims as they are so related to the claim in the action

within the original jurisdiction that they form part of the same case or

controversy.

3. Venue is proper in this Court because the acts and omissions alleged herein

occurred within Yellowstone County, Montana.

## PARTIES

4. Gladstone is and was a citizen and resident of Yellowstone County,

Montana, at all times relevant to this action.

5. Defendant City of Billings is a political subdivision organized and existing

under the laws of the State of Montana. The Billings Police Department

("BPD") is a law enforcement agency of the City of Billings.

6. Defendant Officer Jeremiah Adams is believed to have been, at all times

relevant to this action, a citizen and resident of Yellowstone County,

Montana, and a duly appointed and acting peace officer of the BPD. At all

times relevant to this Complaint, Officer Adams was acting in the course and scope of his employment with the BPD. He is sued in his individual capacity.

7. The City of Billings is vicariously liable for all wrongful, negligent, or other improper conduct of the BPD and its officers, agents, and employees.

8. The true names and capacities of Defendants John Does 1-10 are unknown to Gladstone. Gladstone therefore brings this action against said Defendants by the fictitious names. Gladstone will seek leave to amend the Complaint when their true names and capacities have been ascertained.

## FACTUAL ALLEGATIONS

9. On October 14, 2020, BPD identified Gladstone as a suspect in a shooting that occurred earlier in the day. The BPD learned that Gladstone drove a blue 1984 Buick.

10. Later that same night, Officer Adams observed Gladstone's vehicle and began following it. Officer Adams is a K9 officer, and he was driving his K9 patrol vehicle with his police dog Susan in the back seat. After following Gladstone's vehicle for about two minutes, Officer Adams activated his lights and sirens. At that point, Gladstone and Officer Adams were eastbound on State Ave. and had just passed Riverside Road.

11. After Officer Adams activated his lights and siren, Gladstone continued east on State Ave. for less than 30 seconds before turning into the Conomart gas station on the corner of State Ave. and South 27th St. Gladstone parked reasonably and exited his vehicle. Officer Adams stopped his vehicle immediately behind Gladstone's car. BPD Officer Hilde appeared simultaneously and parked next to Officer Adams.

12. Upon exiting his vehicle, Gladstone immediately raised both hands in the air. Officer Adams and Officer Hilde started shouting at Gladstone to get on the ground. Gladstone reached into his front right pocket for a small knife he kept there. Gladstone threw the knife on the ground harmlessly away from him and started to lower himself to the ground.

13. Gladstone, who at the time was 60 years old, was clearly trying to surrender and comply with the officers' orders. While the officers were yelling for him to get on the ground, Gladstone laid down on his stomach with his hands out in front of him. Initially, Officer Hilde instructed Gladstone to put his hands out to the side. Seconds later, Officer Adams instructed Gladstone to put his hands behind his back. Gladstone put his right hand behind his back and kept his left hand out in front of him.

14. Despite Gladstone's clear intent to surrender and his non-threatening position while laying on the ground, Officer Adams deployed Susan on

Gladstone. This occurred roughly 30 seconds after Gladstone exited his

vehicle and began complying with the officers' orders.

15. Susan attacked Gladstone and began biting his head, neck, and back area.

Gladstone was helpless as Susan ripped off a portion of his right ear. Susan

was actively attacking Gladstone for about 10 seconds until Adams removed

Susan.

16. Gladstone was arrested and transported to the Billings Clinic for care

related to his dog bite wounds.

### COUNT ONE
### (42 U.S.C. § 1983 against Officer Adams)

17. At all relevant times, Officer Adams acted under color of law, statutes,

ordinances, rules, regulations, and customs, practices, and/or usages of the

BPD.

18. Officer Adams unlawfully used excessive force when he deployed Susan on

Gladstone, in violation of his statutory and constitutional rights.

19. As a result of his deployment of Susan on Gladstone, Officer Adams

violated Gladstone's Fourth Amendment right to be free from unreasonable

seizures and excessive force.

20. Because of this constitutional violation, Gladstone has suffered damages.

21. Officer Adams acted with actual malice, as that term is defined by § 27-1-

221, MCA.

## COUNT TWO
### (Negligence against both Defendants)

22. Defendants owed Gladstone a duty of care while effectuating his arrest. In carrying out their functions as law enforcement officers and entities, Defendants were required to preserve Gladstone's constitutional, statutory, and common law rights.

23. Defendants breached their duty of care to Gladstone. They breached their duty by, but not necessarily limited to their negligent use of force; negligent training and supervision; negligent enactment, enforcement, and violation of law enforcement policies and procedures; and negligent performance of official duties.

24. As a result of the Defendants' negligence, Gladstone suffered damages.

25. Officer Adams was acting in the course and scope of his employment with the City of Billings when he committed the negligent acts. Accordingly, under § 2-9-305(2), (5), MCA, the City of Billings must defend and indemnify Officer Adams for any judgment against him.

## COUNT THREE
### (Assault against both Defendants)

26. Officer Adams assaulted Gladstone by intentionally threatening harmful or offensive contact against Gladstone under circumstances which created a

well-founded fear that Officer Adams intended to cause him to suffer serious

bodily injury. Officer Adams had the ability to carry out his threat.

27. Gladstone suffered damages because of Officer Adams actions.

28. Officer Adams acted with actual malice, as that term is defined by § 27-1-

221, MCA.

29. Officer Adams was acting in the course and scope of his employment with

the City of Billings when he committed the wrongful acts. Accordingly,

under § 2-9-305(2), (5), MCA, the City of Billings must defend and

indemnify Officer Adams for any judgment against him.

### COUNT FOUR
### (Battery against both Defendants)

30. As described above, Officer Adams intentionally created offensive contact

with Gladstone.

31. Gladstone suffered damages because of Officer Adams' actions.

32. Officer Adams acted with actual malice, as that term is defined by § 27-1-

221, MCA.

33. Officer Adams was acting in the course and scope of his employment with

the City of Billings when he committed the wrongful acts. Accordingly,

under § 2-9-305(2), (5), MCA, the City of Billings must defend and

indemnify Officer Adams for any judgment against him.

## COUNT FIVE
### (Strict liability against both Defendants pursuant to § 27-1-715, MCA)

34. Officer Adams deployed Susan onto Gladstone without provocation.

35. The incident took place within Billings city limits, which is an incorporated

city under Montana law.

36. Susan's deployment caused Gladstone to suffer damages.

37. The Defendants are strictly liable for Gladstone's damages pursuant to § 27-

1-715, MCA.

**WHEREFORE,** Gladstone requests the following relief against all Defendants,

jointly and severally:

1. Compensatory damages to Gladstone in an amount to be proven at trial;

2. Punitive damages in an amount to be proven at trial;

3. Reasonable attorney fees and costs as allowed under state or federal law; and

4. Any other relief that the Court may deem just and equitable under the

circumstances.

### DEMAND FOR JURY TRIAL

Gladstone demands a trial by jury on all issues triable by right of jury.

DATED this 12th day of April, 2022.

GERSTNER ADAM LAW PLLC

/s/ Colin Gerstner
By: Colin Gerstner
Attorneys for the Plaintiff

Page 8 of 8